UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVIN POKOIK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG LIN, and STEFAN J. MURRY,<br><br>Defendants. | Case No. 4:18-cv-3722<br><br><u>JURY TRIAL DEMANDED</u> |

**CLASS ACTION COMPLAINT**

Plaintiff Davin Pokoik ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Applied Optoelectronics Inc. ("Optoelectronics" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Optoelectronics securities between August 7, 2018 and September 27, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. Applied Optoelectronics, Inc. develops and manufactures advanced optical products which are the building blocks for broadband and fiber access networks primarily for Internet data center, cable television (CATV), and fiber-to-the-home (FTTH) networking end-market.

3. Founded in 1997, the Company is headquartered in Sugar Land, Texas. Optoelectronics' stock trades on the NASDAQ Global Market ("NASDAQ") under the ticker symbol "AAOI."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) certain of the Company's lasers were susceptible to fail prematurely; (ii) certain of the Company's transceivers utilizing these lasers would be materially affected; and (iii) as a result of the foregoing, Optoelectronics' public statements were materially false and misleading at all relevant times.

5. On September 27, 2018, an analyst with Loop Capital Markets downgraded the Company's stock, reporting that the Company was experiencing product quality issues with

certain transceivers in which its lasers fail after thousands of hours of operation. The analyst also lowered gross margin and revenue expectations because the product quality issues suggested that the Company would start procuring lasers externally through 2019.

6. On this news, the Company's stock price fell $2.98 per share, or more than 9%, to close at $28.36 per share on September 27, 2018, on unusually heavy trading volume.

7. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

10. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Optoelectronics' principal executive offices are located within this Judicial District.

11. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

12. Plaintiff, as set forth in the attached Certification, acquired Optoelectronics securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13. Defendant Optoelectronics is incorporated in Delaware, with principal executive offices located at 13139 Jess Pirtle Boulevard, Sugar Land, Texas 77478. Optoelectronics' shares trade on the NASDAQ under the ticker symbol "AAOI."

14. Defendant Chih-Hsiang (Thompson) Lin ("Lin") founded and has served at all relevant times as the Company's Chief Executive Officer ("CEO"), President and Chairman.

15. Defendant Stefan J. Murry ("Murry") has served at all relevant times as the Company's Chief Financial Officer ("CFO") and Chief Strategy Officer.

16. The defendants referenced above in ¶¶ 13-15 are sometimes referred to herein collectively as the "Individual Defendants."

17. The Individual Defendants possessed the power and authority to control the contents of the Company's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

18. Optoelectronics develops and manufactures advanced optical products which are the building blocks for broadband and fiber access networks primarily for Internet data center, cable television (CATV), and fiber-to-the-home (FTTH) networking end-market.

### Materially False and Misleading Statements Issued During the Class Period

19. The Class Period begins on August 7, 2018, when the Company issued a press release announcing its second quarter 2018 results, which stated:

> **Sugar Land, Texas, Aug. 7, 2018 – Applied Optoelectronics, Inc. (NASDAQ: AAOI),** a leading provider of fiber-optic access network products for the internet datacenter, cable broadband, telecom and fiber-to-the-home (FTTH) markets, today announced financial results for its second quarter ended June 30, 2018.
>
> "We are pleased with our second quarter results, which were driven by increased demand for our market-leading datacenter products. We continue to focus on diversifying our customer base and in the quarter secured seven design wins, including one 100G win with a large datacenter operator in China," said Dr. Thompson Lin, Applied Optoelectronics Inc. founder and CEO. "*We remain confident in our competitive position. We believe our platform, proprietary manufacturing processes and vertical integration are keys to our success in the market, and remain focused on building on this strong foundation to position AOI for further success*."
>
> **Second Quarter 2018 Financial Summary**
>
> - Total revenue was $87.8 million, compared with $117.4 million in the second quarter 2017 and $65.2 million in the first quarter of 2018.
>
> - GAAP gross margin was 38.6%, compared with 45.4% in the second quarter 2017 and 39.6% in the first quarter of 2018. Non-GAAP gross margin was 40.4%, compared with 45.5% in the second quarter 2017 and 40.0% in the first quarter of 2018.
>
> - GAAP net income was $8.0 million, or $0.40 per

5

> diluted share, compared with net income of $29.1 million, or $1.43 per diluted share in the second quarter 2017, and net income of $2.1 million, or $0.11 per diluted share in the first quarter of 2018.
>
> - Non-GAAP net income was $12.9 million, or $0.64 per diluted share, compared with non-GAAP net income of $31.3 million, or $1.54 per diluted share in the second quarter 2017, and non-GAAP net income of $5.6 million, or $0.28 per diluted share in the first quarter of 2018.
>
> **Third Quarter 2018 Business Outlook**
>
> For the third quarter of 2018, the company currently expects:
>
> - Revenue in the range of $82 million to $92 million.
>
> - Non-GAAP gross margin in the range of 40.0% to 41.5%.
>
> - Non-GAAP net income in the range of $11.1 million to $15.2 million, and non-GAAP fully diluted earnings per share in the range of $0.54 to $0.75 using approximately 20.4 million shares.

(Emphasis added.)

20. On August 8, 2018, the Company filed its Form 10-Q for the second quarter of 2018, which reiterated the financial information contained the Company's August 7, 2018 press release. The Form 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants, stating that the Form 10-Q "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report[.]"

21. The statements referenced in ¶¶ 19-20 above were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts

pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) that certain of the Company's lasers were susceptible to fail prematurely; (ii) that certain of the Company's transceivers utilizing these lasers would be materially affected; and (iii) as a result of the foregoing, Optoelectronics' public statements were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

22. On September 27, 2018, it was reported by *Benzinga* that an analyst with Loop Capital Markets downgraded the Company's stock, based on quality issues and resulting market consequences. Specifically, the analyst found that the lasers in the Company's 100G CWDM4 transceivers fail after thousands of hours of operation, and the quality concerns could result in market share loss.

23. The analyst further noted that while Optoelectronics could solve the problem by purchasing lasers from suppliers, that move would negatively impact gross margins. The analyst's report was based on his discussions with industry contract which stated that the current pricing environment for 100G CWDM4 data center optics is "very tough."  The report concluded that the Company is likely to start procuring 25G lasers externally through 2019, which would result in a decrease in 2019 gross margin expectations from 40.5 percent to 34.4 percent, along with expectations for lower revenue stemming from lower selling prices.

24. On this news, the Company's share price fell $2.98 per share, more than 9%, to close at $28.36 per share on September 27, 2018, on unusually heavy trading volume.

25. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Optoelectronics securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

27. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Optoelectronics securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Optoelectronics or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

28. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

29. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Optoelectronics;

- whether the Individual Defendants caused Optoelectronics to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Optoelectronics securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

32. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Optoelectronics securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Optoelectronics securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

33. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

34. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

35. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

36. This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

37. During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Optoelectronics securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Optoelectronics securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

38. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Optoelectronics securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Optoelectronics' finances and business prospects.

39. By virtue of their positions at Optoelectronics, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

40. Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers and/or directors of Optoelectronics, the Individual Defendants had knowledge of the details of Optoelectronics' internal affairs.

41. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Optoelectronics. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Optoelectronics' businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Optoelectronics securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Optoelectronics' business and financial condition which were concealed by defendants, Plaintiff and the other

members of the Class purchased or otherwise acquired Optoelectronics securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

42. During the Class Period, Optoelectronics securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Optoelectronics securities at prices artificially inflated by defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Optoelectronics securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Optoelectronics securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

43. By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

44. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. During the Class Period, the Individual Defendants participated in the operation and management of Optoelectronics, and conducted and participated, directly and indirectly, in the conduct of Optoelectronics' business affairs. Because of their senior positions, they knew the adverse non-public information about Optoelectronics' misstatement of income and expenses and false financial statements.

47. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Optoelectronics' financial condition and results of operations, and to correct promptly any public statements issued by Optoelectronics which had become materially false or misleading.

48. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Optoelectronics disseminated in the marketplace during the Class Period concerning Optoelectronics' results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Optoelectronics to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Optoelectronics within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Optoelectronics securities.

49. Each of the Individual Defendants, therefore, acted as a controlling person of Optoelectronics. By reason of their senior management positions and/or being directors of

Optoelectronics, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Optoelectronics to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Optoelectronics and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

50. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Optoelectronics.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  October 9, 2018

Respectfully submitted,

*/s/ Willie C. Briscoe*
Willie C. Briscoe
Texas Bar No.: 24001788
Southern District No.: 25157
**THE BRISCOE LAW FIRM, PLLC**
3131 McKinney Avenue, Suite 600
Dallas, Texas 75204
214-643-6011
281-254-7789 (Facsimile)
wbriscoe@thebriscoelawfirm.com

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*