United States District Court
Southern District of Texas
**ENTERED**
October 11, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Davin Pokoik | § § § § | |
| *versus* | § § | Civil Action 4:18–cv–03722 |
| Applied Optoelectronics, Inc., et al. | § § § § | |

**Order Scheduling the Rule 16 Conference With the Court and Setting Out the Court's Requirements for Initial Pretrial Work[1]**

**1. The Initial Pretrial and Scheduling Conference**

An Initial Pretrial and Scheduling Conference under Rule 16 of the Federal Rules of Civil Procedure will be held on February 22, 2019, at 09:00 AM before:

**Chief Judge Lee H. Rosenthal
Courtroom 11B
United States Courthouse
515 Rusk
Houston, Texas 77002**

Before the deadline for filing the Joint Discovery/Case-Management Plan and the proposed Joint Scheduling and Docket Control Order, which is 14 days before the Rule 16 Initial Pretrial and Scheduling Conference is set, counsel and any unrepresented parties must meet to discuss the case and to prepare the Joint Discovery/Case-Management Plan and the proposed Joint Scheduling and Docket Control Order. The judge will discuss the results of the parties' meeting, the Plan, and the Order at the Rule 16 Conference.

Counsel with knowledge of the case and with authority to address and agree to substantive as well as scheduling matters must attend the Rule 26(f) meeting and Rule 16 Conference with the court. Unrepresented parties must also attend.

---

[1] The court's Requirements for Initial Pretrial Work are also set out in the first part of the Procedures for Cases Assigned to Chief Judge Lee H. Rosenthal http://www.txs.uscourts.gov/sites/txs/files/lhr_procedures.pdf.

*(Revised April 2017)*

Counsel and all unrepresented parties must also file with the Clerk, at least 14 days before the Rule 16 Conference is set, a certificate listing all persons, associations, firms, partnerships, corporations, affiliates, parent corporations, or other entities, including any unincorporated entities such as LLCs or LLPs, that are financially interested in the outcome of this litigation. <u>Underline the name of each corporation whose securities are publicly traded.</u> If new parties are added or if additional persons or entities financially interested in the outcome of the litigation are identified during this litigation, an amended certificate must be filed promptly with the Clerk. If an unincorporated entity is named as a party, the certificate must state the citizenship of every member of that entity.

Out-of-town counsel or parties may participate in the Rule 16 Conference with the court by telephone by notifying Judge Rosenthal's case manager by email at [Lisa_Eddins@txs.uscourts.gov](mailto:Lisa_Eddins@txs.uscourts.gov) at least two business days before the Conference date to arrange.

An in-person Rule 16 Conference is preferred. If substantive issues will be addressed, the court may require all counsel to be physically present.

## 2. Speaking Opportunities for Less Experienced Lawyers in Court Appearances and Proceedings

Today there are fewer opportunities for lawyers to speak in court. This is particularly true for lawyers with less than five to seven years of experience. The court strongly encourages every more experienced senior or supervisory lawyer and their clients to allow less experienced lawyers to have the primary or only speaking roles in pretrial conferences, arguments on motions or in pre-motion conferences, and in trials and other proceedings when evidence and arguments are presented. This opportunity is particularly important and appropriate when the less experienced lawyer has drafted or contributed significantly to the underlying motion or response or to the trial or hearing preparation.

The court understands that in some circumstances, it is not appropriate to allow a less experienced lawyer such a prominent role. If the only lawyer who drafted or substantially prepared the motion, brief, or evidentiary presentation is the senior lawyer, or if the motion is dispositive in a "bet-the-company" case, litigants may justifiably want the senior lawyer to do all or most of the in-court talking. But in all but these cases, it is crucial to provide substantive speaking opportunities to less experienced lawyers. The court strongly encourages all lawyers and their clients to do so. The court will take this into consideration in deciding whether to grant requests for oral argument on motions or issues that the court would usually or otherwise decide on the papers.

## 3. The Parties' Rule 26(f) Meeting

The parties must discuss at the Rule 26(f) meeting, and include in the Plan and Order filed with the court, all the matters listed in Rule 26(f) that apply to the case. In general, the court expects the parties to discuss, address in their Plan, and be prepared to review with the court, the topics that are set out below.

**a.** The nature and basis of the parties' claims and defenses, and any threshold issues that need to be resolved, such as jurisdiction or limitations.

*(Revised April 2017)*

2

**b.** The parties' plan for the discovery needed to obtain the information that is relevant, not privileged, and proportional to the needs of the case. The parties are expected to engage in early, ongoing, and meaningful planning for proportional discovery.[2]

**c.** Whether discovery can initially be focused or targeted to obtain the information relevant to the most important issues and available from the most easily accessible sources. The parties must discuss any claims, defenses, motions, issues, or subject areas that could be the initial focus of discovery. The parties must also discuss the sources that are most likely to yield the most important discoverable information without undue burden or expense.

**d.** Whether any party has served Rule 34 requests for production at the Rule 26(f) conference and, if so, whether there are disputes about them or other proposed discovery.

**e.** Whether there are issues or problems in the preservation, retrieval, review, disclosure, or production of discoverable information.

**f.** Whether there are steps that could reduce or avoid discovery costs. Examples include:

- focusing initial discovery on the information most important to assessing and evaluating the claims and defenses, available from the most readily accessible sources;

- using pattern or routine discovery requests that have been developed for employment cases alleging adverse actions;

- stipulating to any undisputed material facts and critical points of controlling law;

- reducing the complexity or burdens of reviewing for attorney-client privilege or work-product protection and of creating privilege logs;

- exchanging basic information about the case without the need for formal discovery requests and responses; and,

- in cases involving extensive electronic discovery, using technology to assist in reviewing the information.

**g.** Whether there are issues specifically relating to the disclosure or discovery of electronically stored information, including:

  i. the form or forms in which it should be produced;

---

[2]The 2015 amendments to the Federal Rules of Civil Procedure, which define the permitted scope of discovery as information that is relevant, not privileged, and proportional to the needs of the case, apply. *See Discovery Proportionality Guidelines and Practices*, 99 JUDICATURE No. 3, Winter 2015, at 47-60. A copy is attached as Attachment 3.

  ii. the topics and the period for which discovery will be sought;

  iii. the sources of information or systems within a party's control that should be searched;

  iv. issues relating to preserving, retrieving, reviewing, disclosing, or producing electronically stored information;

  v. issues relating to claims of privilege or protection including–if the parties agree on a procedure to assert such claims after production–whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502(d) or, if no agreement is reached, whether the court should nonetheless enter the order; and

  vi. other topics listed below or in Rules 16 and 26(f).

## 4. The Joint Discovery/Case-Management Plan and the Proposed Scheduling and Docket Control Order

The Rule 26(f) meeting is expected to result in the parties completing the Joint Discovery/Case-Management Plan and the proposed joint Docket Control and Scheduling Order, using the forms that are Attachments 1 and 2 to Judge Rosenthal's Procedures and to this Order. These forms may be modified or adapted to the needs of the particular case.

The parties are to file with the court only one Joint Discovery/Case-Management Plan and one proposed joint Docket Control and Scheduling Order. Both must be signed by counsel for all parties and by any unrepresented parties. Counsel for the plaintiff is responsible for filing the Joint Discovery/Case-Management Plan and proposed Order with the court. If the plaintiff is unrepresented, counsel for the represented parties have the responsibility for filing the Plan and proposed Order.

If the parties cannot agree on matters that must or should be addressed in the Plan or proposed Order, the disagreements must be set out clearly in the joint filing. The court will discuss the disputes with counsel and attempt to resolve them at the Rule 16 Conference.

 **a.**  **Timing**

No later than 14 days before the Rule 16 Conference is scheduled, the parties must file the Joint Discovery/Case-Management Plan and the proposed Docket Control and Scheduling Order.

 **b.**  **Contents**

The parties must discuss in their Rule 26(f) meeting, and the Plan and proposed Order must include, the pertinent matters listed on the attached forms, including the following:

 **i.**  dates for joining additional parties or amending pleadings;

**ii.** any agreements on disclosures or discovery of electronically stored information;

**iii.** any agreements for asserting claims of attorney-client privilege or of trial-preparation protection after production;

**iv.** whether discovery can be initially focused or targeted on information that is relevant to the most important issues and available from the most easily accessible sources;

**v.** whether discovery should be conducted in phases or initially focused on or targeted to certain issues;

**vi.** the date or dates when the parties will disclose information and exchange documents under Rule 26(a)(1);

**vii.** whether expert witnesses are needed on issues other than attorney's fees and, if so, the dates by which each party can disclose its expert witnesses and produce the reports, the dates by which each party's experts can be deposed, and whether serial or simultaneous disclosure is appropriate;

**viii.** whether the parties agree to submit attorney's fees issues to the court by affidavit after liability and damages are resolved;

**ix.** whether the Rule 30(a)(2)(A) presumptive limit of 10 depositions per side and the Rule 33(a) limit of 25 interrogatories per party should apply, and if not, why;

**x.** the depositions that need to be taken, and in what sequence;

**xi.** the dates when initial focused or targeted discovery will be completed, and when all discovery, fact and expert, will be completed;

**xii.** whether the case is likely to generate a motion to dismiss, a motion for summary judgment, or other dispositive motion; the dates for filing and responding to those motions, and how those motions should affect the pretrial schedule and discovery plan;

**xiii.** the most promising approach and timing for settlement efforts;

**xiv.** any other matters pertinent to completing discovery;

**xv.** when the case will be ready for trial;

**xvi.** how long the trial is likely to take; and

**xvii.** any other matters appropriately addressed in the Joint Discovery/Case- Management Plan and the proposed Scheduling and Docket Control Order.

## 5. Pre-motion Conferences Required for Discovery and Other Pretrial Disputes

The parties must identify any disputes about the Joint Discovery/Case-Management Plan or the proposed Scheduling and Docket Control Order and bring them to the court for resolution at the Rule 16 Conference. This approach of seeking prompt court assistance in resolving pretrial disputes applies to discovery disputes that arise at any point in the case, as well as to pretrial disputes such as requests to extend or modify deadlines and other issues affecting pretrial work.

Any party wishing to raise disputed discovery or other pretrial matters must arrange for a conference with the court **before** filing any motion, briefs, or accompanying materials. The party must email or fax the case manager, Lisa Eddins, and opposing counsel to arrange for a pre-motion conference. The email address is Lisa_Eddins@txs.uscourts.gov; the fax number is (713) 250-5213; and the telephone number is (713) 250-5517.

The court will promptly schedule the pre-motion conference, generally within a few days after the request is made. When necessary, counsel may participate by videoconference or telephone.

The party seeking the conference must promptly submit a one-to-two page letter to the court with copies to all counsel and unrepresented parties, identifying the disputes and setting out the issues to be addressed. This is not a brief and is not intended for argument. Instead, it is in the nature of an agenda for the pre-motion conference. Opposing parties must respond before the conference is set, within the same limits. The letters must include a written statement that they have conferred in a good-faith effort to resolve the issues but are unable to reach an agreement, or state the reason that the parties could not confer.

To the extent possible, the disputed issues will be resolved at the pre-motion conference, without the need for a formal motion or response. If the court cannot resolve all or part of the issues without a written submission and response, the issues to be addressed and a filing schedule will be set in the conference.

Motions for extension of discovery must be filed far enough in advance of the deadline to enable opposing counsel to respond before the deadline.

*(Revised April 2017)*

## 6. Unrepresented Parties

Parties appearing without counsel are expected to know about and comply with the rules and the legal requirements for the case. Unrepresented parties must meet and confer with counsel for other parties and counsel, participate in preparing and filing the Joint Discovery/Case-Management Order and proposed Scheduling and Docket Control Order, appear for the Rule 16 Initial Pretrial Conference, and follow all other the rules that apply to pleadings, motions, discovery, and trial.

Signed on October 11, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

*(Revised April 2017)*